1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9

DONTE McCLELLON,

CASE NO. C18-0978-JCC

10

Plaintiff,

ORDER

11

v.

12
13

CITIGROUP GLOBAL MARKETS,
INC.

14

Defendant.

15

16      This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 21)

17  Plaintiff's amended complaint (Dkt. No. 17). Having thoroughly considered the parties' briefing

18  and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS

19  Defendant's motion (Dkt. No. 21) for the reasons explained herein.

**I.      BACKGROUND**

20

21      Plaintiff Donte McClellon ("McClellon"), proceeding *pro se*, alleges that Defendant

22  Citigroup Global Markets, Inc., ("Citigroup"), is liable to him for two fraudulent stock options

23  sales from his brokerage account.[1] (Dkt. No. 17 at 2.) McClellon originally filed his complaint in

24

25      [1] This is one of six related lawsuits filed by McClellon against various financial
    institutions, three of which are still pending before the Court. *See McClellon v. OptionsHouse*,
26  Case No. C18-0817-JCC, Dkt. No. 1-1 (W.D. Wash. June 5, 2018); *McClellon v. Bank of
    America, N.A.,* Case No. C18-0829-JCC, Dkt. No. 1-1 (W.D. Wash. June 7, 2018); *McClellon v.*

King County Superior Court, but Citigroup removed the case to this Court.[2] (Dkt. No. 1.) In his

original three-page complaint, McClellon made the following allegations against Citigroup:

> This is an action under the Uniform Commercial Code (4.22.005 to 925) and Washington Consumer Protection At, RCW 19.86.020, based upon Defendant's blatant self-dealing and other intentional negligent misconduct in conversion, freezing, pooling, otherwise manipulating Plaintiff's funds and stock/option positions without Plaintiff's authorization.
>
> Plaintiff further allege that the Defendant breached the contract, violated Washington State Securities Act, and committed the tort of negligence in the handling of Plaintiff's funds and stock and options positions. The Plaintiff seeks compensatory damages and all other damages (i.e., direct and consequential damages) allowed by law, and payment of costs and attorneys' fees.
>
> Defendant failed to notify Plaintiff of the activity that was occurring in the account but nonetheless the Plaintiff sent a letter to Defendant immediately to file his good faith claims with Defendant but the Defendant failed to protect the brokerage account in subject and return Plaintiff's funds and stock/options positions.
>
> The stock/option positions at issue in the brokerage account in subject are two separate Tesla stock/option positions; 150 options in one position and 100 options in the second position respectively.
>
> Plaintiff never conducted any trades at Citigroup Global Markets nor made any withdrawals at Citigroup Global Markets . . . Plaintiff never authorized anyone at Citigroup Global Markets to sell his Tesla stock options . . . This case is primarily a breach of fiduciary duty case with the basis being unauthorized activity and fraud.[3]

(Dkt. No. 1-1 at 2–3.) Citigroup moved to dismiss the complaint for failure to state a claim upon

which relief can be granted. (Dkt. No. 15.) McClellon responded by filing an amended

complaint, and the Court denied Citigroup's motion to dismiss as moot. (Dkt. Nos. 17, 20.)

The amended complaint contains all of the allegations made in the original complaint.

---

*Wells Fargo Advisors Financial Network, et al.*, Case No. C18-0852-JCC, Dkt. No. 1-1 (W.D. Wash. June 12, 2018); *McClellon v. Capital One Bank, N.A.*, Case No. C18-0909-JCC, Dkt. No. 1-1 (W.D. Wash. June 21, 2018).

[2] This case was originally assigned to U.S. District Judge Hon. Richard A. Jones, but was later transferred to this Court. (Dkt. No. 11.)

[3] All of the allegations quoted in this order are taken verbatim from the complaint (Dkt. No. 1-1) and amended complaint (Dkt. No. 17).

ORDER
C18-0978-JCC
PAGE - 2

(*Compare* Dkt. No. 1-1, *with* Dkt. No. 17.) McClellon makes the following additional allegation regarding the alleged unauthorized stock options sales: "Mr. Jonathan Kotecki, CRD#4930337, employed by Citigroup Global Markets#7059, under no instruction by Plaintiff, had sold and withdrew Plaintiff's stock and option positions as well as funds without Plaintiff's authorization." (Dkt. No. 17 at 2.) The amended complaint also contains various citations to Washington case law that relate to the damages McClellon seeks. (*See id.* at 3–6.) McClellon alleges that if Citigroup had not sold his stock options, he would have used the proceeds to purchase the cryptocurrency Ethereum. (*Id.* at 6.)

Citigroup filed a motion to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 21.) Citigroup asserts that the amended complaint fails to contain factual allegations that entitle McClellon to relief. (*Id.* at 3.) McClellon has not responded to Citigroup's motion.[4]

## II.    DISCUSSION

### A.    Legal Standard for Motion to Dismiss

A defendant may move for dismissal when a plaintiff "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 678. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citation omitted). The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs, and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Hebbe v. Pliler*,

---

[4] The Court may interpret McClellon's non-response as an admission that Citigroup's motion has merit. *See* W.D. Wash. Local Civ. R. 7(b)(2).

ORDER
C18-0978-JCC
PAGE - 3

627 F.3d 338, 342 (9th Cir. 2010).

**B.       McClellon's Claims**

Liberally construing the amended complaint, McClellon appears to allege the following causes of action against Citigroup: (1) violation of the Uniform Commercial Code ("UCC"); (2) violation of the Washington State Securities Act ("WSSA"); (3) common law fraud; (4) breach of fiduciary duty; (5) violation of the Washington Consumer Protection Act, ("CPA"); (6) breach of contract; (7) negligence; and (8) conversion. (Dkt. No. 17 at 1–2.)

1.       UCC Claim

The amended complaint makes a single reference to the UCC. (Dkt. No. 17 at 1) ("This is an action under the Uniform Commercial Code (4.22.005 to 925)."). While not entirely clear, the Court can construe McClellon's complaint as invoking the UCC's Article 4A. Washington has adopted Article 4A of the UCC ("Article 4A"), which deals with fund transfers from financial institutions such as banks. *See* Wash. Rev. Code § 62A.4A. Article 4A regulates funds transfers from a customer's bank to third parties. *See* Wash. Rev. Code § 62A.4A-104 UCC Comment 1 ("Article 4A governs a method of payment in which the person making payment (the 'originator') directly transmits an instruction to a bank either to make payment to the person receiving payment (the 'beneficiary') or to instruct some other bank to make payment to the beneficiary."). Funds transfers are commonly known as "wire transfers." *See* Wash. Rev. Code § 62A.4A-102 UCC Comment ("Article 4A governs a specialized method of payment referred to in the Article as a funds transfer but also commonly referred to in the commercial community as a wholesale wire transfer.").

The amended complaint alleges that Citigroup sold some of McClellon's stock options without his authorization. (Dkt. No. 17 at 2.) Based on these allegations, the transactions at issue were not the type of wire transfers that are governed by Article 4A because they involved the sale of stock options. Therefore, McClellon's UCC claim is DISMISSED with prejudice and without leave to amend. A dismissal with prejudice is appropriate because further amendment

1  would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir.

2  2011).

3                    2.        WSSA Claim and Common Law Fraud

4         The WSSA makes it unlawful "for any person, in connection with the offer, sale or

5  purchase of any security, directly or indirectly . . . [t]o engage in any act, practice, or course of

6  business which operates or would operate as a fraud or deceit upon any person." Wash. Rev.

7  Code § 21.20.010. To maintain a private action under the WSSA, a plaintiff must establish "(1) a

8  fraudulent or deceitful act committed (2) in 'connection with the offer, sale or purchase of any

9  security.'" *Kinney v. Cook*, 154 P.3d 206, 210 (Wash. 2007) (quoting Wash. Rev. Code §

10 21.20.010). The elements of common law fraud include the representation of an existing fact and

11 falsity. *See Adams v. King County.*, 192 P.3d 891, 902 (Wash. 2008).

12        Defendant is correct that the Court must apply the heightened pleading standard of

13 Federal Rule of Civil Procedure 9(b) when assessing McClellon's fraud allegations. (Dkt. No. 21

14 at 4); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103 (9th Cir. 2003) ("It is established law,

15 in this circuit and elsewhere, that Rule 9(b)'s particularity requirement applies to state-law

16 causes of action."). "[W]hile a federal court will examine state law to determine whether the

17 elements of fraud have been pled sufficiently to state a cause of action, the Rule 9(b) requirement

18 that the circumstances of the fraud must be stated with particularity is a federally imposed rule."

19 *Id.* (citing *Hayduk v. Lanna*, 775 F.2d 441, 443 (1st Cir. 1985)) (emphasis in original). To satisfy

20 Rule 9(b), a pleading must identify "the who, what, when, where, and how of the misconduct

21 charged," as well as "what is false or misleading about [the purportedly fraudulent] statement,

22 and why it is false." *United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047,

23 1055 (9th Cir. 2011) (citation omitted).

24        McClellon supports his WSSA and common law fraud claims by alleging that a Citigroup

25 employee sold two of his stock option positions and withdrew the funds without his

26 authorization. (Dkt. No. 17 at 2.) Those allegations are not sufficient to satisfy Rule 9(b). As an

1  initial matter, the amended complaint does not specify when the alleged stock sales and

2  withdrawals occurred. That omission, by itself, is fatal to McClellon's fraud allegations. *See*

3  *Gen. Dynamics C4 Sys.*, *Inc.*, 637 F.3d at 1055. The amended complaint also fails to state

4  specific facts that demonstrate how the alleged unauthorized stock options sales amounted to

5  fraud. For example, McClellon has not alleged facts that demonstrate the stock option sales in

6  question represented fraudulent conduct as opposed to mere negligence or mistake. (*See* Dkt. No.

7  17 at 2.) Rule 9(b) requires more specific factual allegations than the amended complaint

8  contains, and the Court may not supply such facts. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th

9  Cir. 1992).

10       For those reasons, McClellon's WSSA and common law fraud claims are DISMISSED

11  without prejudice and with leave to amend. A *pro se* litigant must be given leave to amend their

12  pleading unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Lopez*

13  *v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

14                    3.       Breach of Fiduciary Duty

15       To establish a claim of breach of a fiduciary duty, a "plaintiff must prove (1) existence of

16  a duty owed, (2) breach of that duty, (3) resulting injury, and (4) that the claimed breach

17  proximately caused the injury." *Micro Enhancement Intern., Inc. v. Coopers & Lybrand, LLP*, 40

18  P.3d 1206, 1217 (Wash. Ct. App. 2002). McClellon has not pled facts leading to a reasonable

19  inference that Citigroup owed him a fiduciary duty. For example, McClellon has not pointed to a

20  client agreement or contract that would allow the Court to infer whether and to what degree

21  Citigroup owed him a duty. Since Plaintiff has failed to establish the existence of a duty owed,

22  his claim that Defendant breached its fiduciary duty is DISMISSED without prejudice and with

23  leave to amend.

24                    4.       CPA Claim

25       McClellon asserts a claim under the CPA "based upon Defendant's blatant self-dealing

26  and other intentional negligent misconduct in conversion, freezing, pooling, otherwise

manipulating Plaintiff's funds without Plaintiff's authorization." (Dkt. No. 17 at 1.) To plead a plausible CPA claim, a plaintiff must allege facts that satisfy the following elements: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation." *Hangman Ridge Training Stables v. Safeco Title Ins. Co.*, 719 P.2d 531, 533 (Wash. 1986).

The amended complaint does not contain sufficient facts to create a reasonable inference that Citigroup committed an unfair or deceptive act or practice. "A [CPA] claim may be based on a per se violation of a statute or on unfair or deceptive practices unregulated by statute but involving the public interest." *Blake v. Fed. Way Cycle Ctr.*, 698 P.2d 578, 581–82 (Wash. Ct. App. 1985). "A per se unfair trade practice exists when a statute that has been declared by the legislature to constitute an unfair or deceptive act in trade or commerce has been violated." *Merriman v. Am. Guarantee & Liab. Ins. Co.*, 396 P.3d 351, 367 (Wash. Ct. App. 2017). The amended complaint does not allege that Citigroup violated a statute that may serve as the basis for a *per se* CPA violation, nor has Plaintiff sufficiently alleged any statutory violation. *See supra* Part II.B.1–2.

Where an unfair or deceptive act or practice is not based on a statutory violation, a plaintiff must show that "the alleged act had the capacity to deceive a substantial portion of the public." *Hangman Ridge*, 719 P.2d at 535. An alleged deceptive act or practice does not meet this requirement if it is "unique to the relationship between plaintiff and defendant." *Behnke v. Ahrens*, 294 P.3d 729, 736 (Wash. Ct. App. 2012). Thus, "[t]o establish an unfair or deceptive act, there must be shown a real and substantial potential for repetition, as opposed to a hypothetical possibility of an isolated unfair or deceptive act's being repeated." *Id*. at 737.

McClellon has not alleged facts establishing that Citigroup's conduct had the capacity to deceive a substantial portion of the public. First, McClellon has not asserted specific facts that suggest Citigroup acted deceptively in conducting the unauthorized stock options sales. *See supra* Part II.B.2. Second, the amended complaint does not contain sufficient facts to

1    demonstrate that the alleged unfair act or practice—Citigroup's unauthorized sale of stock

2    options—has a real and substantial potential to be repeated. *Id.* In other words, McClellon's

3    claims against Citigroup are specific to him, and do not amount to the type of deceptive or unfair

4    practices that have the potential to deceive the public at large.

5         For the foregoing reasons, McClellon's CPA claim is DISMISSED with prejudice. A

6    dismissal with prejudice is appropriate because further amendment would be futile. *See*

7    *Cervantes*, 656 F.3d at 1041.

8                        5.        Breach of Contract Claim

9         To state a claim for breach of contract, a plaintiff must allege that a contract imposed a

10   duty, the duty was breached, and the breach proximately caused the plaintiff harm. *Nw. Mfrs. v.*

11   *Dep't of Labor*, 899 P.2d 6, 7 (Wash. 1995). While McClellon asserts that Citigroup "breached

12   the contract," he does not provide any specific information regarding the relevant contract or the

13   provisions at issue. (Dkt. No. 17 at 1.) Even assuming that the parties had a contract governing

14   McClellon's brokerage account, McClellon has failed to allege how Citigroup breached a duty

15   under the contract. While the Court can liberally construe McClellon's amended complaint, it

16   cannot supply an essential element that he failed to plead. *See Ivey v. Board of Regents of the*

17   *University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (holding that district courts must

18   construe *pro se* pleadings liberally but may not "supply essential elements of claims that were

19   not initially pled."). Therefore, McClellon's breach of contract claim is DISMISSED without

20   prejudice and with leave to amend.

21                        6.        Negligence Claim

22        The required elements for a negligence claim are: (1) duty; (2) breach of that duty; (3)

23   causation; and (4) damages. *Schooley v. Pinch's Deli Mkt., Inc.*, 912 P.2d 1044, 1046 (Wash. Ct.

24   App. 1996). Although the amended complaint states that Citigroup "committed the tort of

25   negligence in handling [his] funds and stock and options positions," it is not clear what duty

26   Citigroup owed McClellon or how that duty was breached. (Dkt. No. 17 at 1.) As with

McClellon's breach of contract claim, the Court cannot infer an essential element of a claim that is not sufficiently pled in the amended complaint. *See Ivey*, 673 F.2d at 268. For those reasons, the Court DISMISSES McClellon's negligence claim without prejudice and with leave to amend.

### 7. Conversion

McClellon has failed to allege sufficient facts allowing the Court to draw a reasonable inference that Citigroup willfully interfered with Plaintiff's assets, wrongfully received funds from Plaintiff's account, or possessed funds that they had an obligation to return to Plaintiff. *See Consulting Overseas Mgmt., Ltd. v. Shtikel*, 18 P.3d 1144, 1147 (Wash. Ct. App. 2001) (describing elements of a conversion claim based on money). Therefore, Plaintiff's claim of conversion is DISMISSED without prejudice and with leave to amend.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss (Dkt. No. 12) is GRANTED. The Court ORDERS as follows:

1. Plaintiff's WSSA, common law fraud, breach of fiduciary duty, breach of contract, negligence, and conversion claims are DISMISSED without prejudice and with leave to amend. If Plaintiff chooses to file an amended complaint, he must do so within 10 days from the issuance of this order.

2. Plaintiff's UCC and CPA claims are DISMISSED with prejudice and without leave to amend.

3. The Clerk is DIRECTED to send a copy of this order to Plaintiff.

DATED this 6th day of November 2018.

John C. Coughenour
UNITED STATES DISTRICT JUDGE