THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONTE McCLELLON, | CASE NO. C18-0978-JCC |
| Plaintiff, | ORDER |
| v. | |
| CITIGROUP GLOBAL MARKETS, Inc. | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion to vacate judgment and reschedule status conference (Dkt. No. 29). Defendant opposes Plaintiff's motion. (Dkt. No. 30.)

On May 17, 2018, Plaintiff filed this lawsuit in King County Superior Court. (Dkt. No. 1-2 at 2.) On July 2, 2018, Defendant removed the case to this Court.[1] (Dkt. No. 1.) On July 31, 2018, Defendant moved to dismiss Plaintiff's complaint for failure to state a claim (Dkt. No. 15.) On August 21, 2018, Plaintiff filed an amended complaint. (Dkt. No. 17), and the Court denied Defendant's motion to dismiss as moot. (Dkt. No. 20.)

On October 4, 2018, Defendant filed a motion to dismiss the amended complaint. (Dkt. No. 21.) Plaintiff did not respond to the motion. (*See* Dkt. No. 24.) On November 6, 2018, the Court granted Defendant's motion to dismiss and granted Plaintiff leave to file a second

---

[1] Although initially assigned to the Hon. Richard A. Jones, the case was reassigned to this Court on July 10, 2018. (*See* Dkt. No. 11.)

ORDER
C18-0978-JCC
PAGE - 1

amended complaint. (Dkt. No. 16.) Plaintiff failed to file a second amended complaint.

On December 6, 2018, the Court ordered Plaintiff to show cause why his case should not be dismissed with prejudice for failure to file a second amended complaint. (Dkt. No. 26.) Plaintiff never responded to the Court's order to show cause. On January 2, 2019, the Court dismissed Plaintiff's amended complaint with prejudice and entered judgment. (Dkt. Nos. 27, 28.)

On January 22, 2019, Plaintiff filed a one-page letter asking the Court to vacate its judgment dismissing his amended complaint. (Dkt. No. 29.) Plaintiff states that he has been "battling a chronic disease for over a year and it had intensified since Mid-October 2018 leaving [him] physically incapable to respond in a timely matter to this case and many other cases." (*Id*.) Plaintiff asks that "this matter be allowed to proceed with a rescheduled status conference." (*Id*.)

In the Ninth Circuit, *pro se* parties are held to less stringent pleading standards than attorneys. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Thus, the Court construes Plaintiff's letter (Dkt. No. 29) as a motion to obtain relief from the Court's judgment dismissing his amended complaint. Pursuant to Federal Rule of Civil Procedure 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order or proceeding for the following reasons: . . . mistake, inadvertence, surprise, or excusable neglect . . . [or] any reason that justifies relief." Fed. R. Civ. P. 60(b)(1). To determine whether a party acted with excusable neglect, district courts examine: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993)).

In this case, Plaintiff has not demonstrated excusable neglect. The Court dismissed Plaintiff's amended complaint with prejudice after he failed to file a second amended complaint and failed to respond to an order to show cause regarding his failure to do so. (*See* Dkt. No. 20.)

ORDER
C18-0978-JCC
PAGE - 2

The Court could have entered judgment against Plaintiff when he failed to timely file a second amended complaint—instead, the Court gave Plaintiff another chance to respond by ordering him to show cause why his amended complaint should not be dismissed with prejudice. (*Id*.) Plaintiff provides little explanation for why he failed to respond to the Court's order to show cause. (*See* Dkt. No. 22.) Plaintiff's conclusory statement regarding his physical condition does not justify his almost two-month delay in responding to the Court's order to show cause. Nor does it explain why Plaintiff was unable to file a second amended complaint. While Plaintiff does not appear to have brought this motion in bad faith, his inaction does not amount to excusable neglect under Rule 60.

Based on the length of delay and reason for that delay, the Court concludes that Plaintiff's failure to respond to the Court's order to show cause does not represent excusable neglect. *See* Fed. R. Civ. P. 60(b). Nor does the Court believe there is some other reason that justifies vacating its judgment and reinstating Plaintiff's amend complaint. *Id*. Therefore, Plaintiff's motion to vacate the Court's judgment (Dkt. No. 29) is DENIED.

DATED this 22nd day of February 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE